

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-24-00824-CR

Jo Anne **PAEZ**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the County Court at Law No. 2, Guadalupe County, Texas
Trial Court No. CCL-23-0761
Honorable Kirsten Legore, Judge Presiding

Opinion by:    Rebeca C. Martinez, Chief Justice
Dissenting Opinion by: Velia J. Meza, Justice

Sitting:    Rebeca C. Martinez, Chief Justice
H. Todd McCray, Justice
Velia J. Meza, Justice

Delivered and Filed: September 24, 2025

AFFIRMED

Appellant Jo Anne Paez was arrested and charged with driving while intoxicated ("DWI"), a Class B misdemeanor. *See* TEX. PENAL CODE ANN. § 49.04(a). She filed a pretrial motion to suppress any evidence resulting from the traffic stop that led to her arrest, but the trial court denied Paez's motion. In one issue, Paez complains that the trial court abused its discretion in denying

her motion to suppress because the arresting officer failed to articulate any facts that would have given him reasonable suspicion to suspect she was driving while intoxicated. We affirm.

## I. BACKGROUND

At the hearing on Paez's motion to suppress, Barry Ray, a police officer with the Seguin Police Department, testified that he was driving his patrol unit at approximately 1:30 a.m., when a vehicle driven by Paez turned from an intersecting road in front of Officer Ray's patrol unit. Officer Ray articulated four factors that led him to suspect Paez was driving while intoxicated. First, Officer Ray noticed that Paez was driving as slow as twenty miles-per-hour in a thirty-miles-per-hour zone. Second, Officer Ray observed that Paez would "speed up and then she would slow down gradually over a little bit of time."[1] Officer Ray "paced" Paez's vehicle as driving as slow as twenty miles-per-hour and then twice speeding up to thirty-two miles-per-hour. He characterized these varying speeds as an inability to control speed. Officer Ray noted that, according to a National Highway Traffic Safety Administration ("NHTSA") study, driving less than ten miles under the posted speed limit "and/or" varying speeds are cues that the driver might be impaired. He observed that there were no external factors, such as traffic, the surface of the roadway, or weather, that would have required Paez to vary her driving speed. Third, Officer Ray's training taught him that peak DWI hours are between 10:00 p.m. and 4:00 a.m., and he noted that 1:30 a.m. was "right in the middle" of the peak DWI hours. Fourth, Officer Ray knew that Paez was driving from an area where several establishments sold alcoholic beverages. Officer Ray followed Paez for about half a mile before initiating a traffic stop.

The trial court denied Paez's motion to suppress. Thereafter, Paez pleaded nolo contendere pursuant to a plea-bargain agreement. The trial court, in accordance with the plea-bargain

---

[1] The trial court admitted dashcam video of Paez's vehicle as Officer Ray followed her and conducted a traffic stop.

agreement, signed an order that granted Paez deferred adjudication and placed her on community supervision for one year. The trial court also certified that Paez had permission to appeal its denial of her motion to suppress, and it signed findings of fact that we have incorporated into the preceding paragraph. Paez timely appealed.

## II. DISCUSSION

### A. Standard of Review

"We review a trial court's ruling on a motion to suppress evidence under a bifurcated standard of review." *Lerma v. State*, 543 S.W.3d 184, 189–90 (Tex. Crim. App. 2018). "[W]e afford almost complete deference to the trial court in determining historical facts," but "we review *de novo* whether the facts are sufficient to give rise to reasonable suspicion in a case." *Id*. at 190. Where the trial court makes express findings of fact, as here, we view the evidence in the light most favorable to those findings and determine whether the evidence supports the fact findings. *See State v. Rodriguez*, 521 S.W.3d 1, 8 (Tex. Crim. App. 2017). Unless the trial court abused its discretion by making a finding not supported by the record, an appellate court will defer to the trial court's fact findings and not disturb the findings on appeal. *See Miller v. State*, 393 S.W.3d 255, 262–63 (Tex. Crim. App. 2012)

### B. Applicable Law

The Fourth Amendment to the United States Constitution guarantees protection against unreasonable searches and seizures. U.S. CONST. amend. IV; *Hubert v. State*, 312 S.W.3d 554, 560 (Tex. Crim. App. 2010). These constitutional protections extend to investigatory stops of persons or vehicles that fall short of a traditional arrest. *Ramirez-Tamayo v. State*, 537 S.W.3d 29, 36 (Tex. Crim. App. 2017) (citing *United States v. Arvizu*, 534 U.S. 266, 273, (2002)). A police officer has reasonable suspicion to detain a person when the officer has specific, articulable facts

that, combined with rational inferences from such facts, would lead the officer to reasonably conclude that the detained person is, was, or soon will be engaged in criminal activity. *Id.* at 36. Under this standard, we consider whether there was an objectively justifiable basis for the detention. *Id*. We look to the totality of the circumstances in assessing the existence of reasonable suspicion and consider whether the officer who detained the person had a particularized and objective basis for suspecting wrongdoing. *Id*.

## C.    Analysis

Paez complains that the trial court abused its discretion in denying her motion to suppress because Officer Ray failed to articulate any facts that would have given him reasonable suspicion to suspect she was driving while intoxicated. She specifically challenges Officer Ray's first (slow speed), second (varying speed), and fourth (proximity to bars) factors.

In assailing the first and second factors supporting Officer Ray's suspicion that Paez was driving while intoxicated, Paez argues that "driving between 21 miles per hour and 30 miles per hour on a road where the speed limit is 30 m.p.h. is not a cue of intoxication" and "[a] finding that any driving *under* the speed limit may be stopped and investigated for [DWI] forces citizens to choose between driving over the speed limit, and potentially being detained, or driving under the speed limit, and similarly being detained."

As a primarily matter, we note that driving a third under the speed limit, which Paez was doing, together with other circumstances, has been held to support a finding of reasonable suspicion that the driver was driving while intoxicated. *See Aguilar v. State*, No. 03-11-00133-CR, 2012 WL 677505, at *1 (Tex. App.—Austin Mar. 2, 2012, no pet.) (mem. op., not designated for publication) (noting that sheriff's deputy "observed that [defendant's vehicle] was traveling between 40 to 45 miles per hour, approximately 20 miles per hour below the posted speed limit of

60 miles per hour."). Regardless, Paez's argument fails to appreciate that the fluctuation or variance of her driving speed may have been an appropriate factor for Officer Ray to consider under the totality of the circumstances. *See Marrero v. State*, No. 03-14-00033-CR, 2016 WL 240908, at *5 (Tex. App.—Austin Jan. 14, 2016, no pet.) (mem. op., not designated for publication) ("[B]oth deputies testified that the [defendant's] vehicle's speed 'was not constant' and 'fluctuated' as they were following it, and [one deputy] testified that [defendant] was driving at least ten miles per hour below the speed limit.").

In assailing the fourth factor, Paez acknowledges that *Foster v. State*, 326 S.W.3d 609, 614 (Tex. Crim. App. 2010), held that in light of "the time of night, the location [near Austin's Sixth Street bar district], [the police officer's] training and experience, and [the defendant's] aggressive driving, it was rational for [the police officer] to have inferred that appellant may have been intoxicated, thus justifying a temporary detention for further investigation." Nevertheless, she contends that Seguin, Texas is a "significantly smaller town — without a 'bar district'" such as Austin. However, the Texas Court of Criminal Appeals did not key its analysis to the size of the city. Instead, it held that "we believe that [a] location near a bar district where police have made numerous DWI arrests is also a relevant factor in determining reasonable suspicion." *Id*. at 613. Officer Ray testified that Paez was driving from an area where several establishments sold alcoholic beverages. This testimony is sufficient under *Foster* to be considered among the totality of the circumstances. *Id*. 613–14.

In summation, Officer Ray testified — and the trial court found — that he suspected Paez was driving while intoxicated based on: (1) Paez's driving approximately ten miles-per-hour under the posted speed limit of thirty miles-per-hour; (2) Paez's failure to maintain a consistent speed; (3) the time of night; and (4) the area Paez was coming from. These four factors, when viewed in

the light most favorable to the trial court's ruling, support the trial court's conclusion that Officer Ray had reasonable suspicion, based on the totality of the circumstances, to believe that Paez had committed the offense of driving while intoxicated, and he was justified in stopping Paez for that reason. *See Rodriguez*, 521 S.W.3d at 8; *Ramirez-Tamayo*, 537 S.W.3d at 36; *Foster*, 326 S.W.3d at 613–14; and *Marrero*, 2016 WL 240908, at *5. Accordingly, we cannot conclude that the trial court abused its discretion in denying Paez's motion to suppress. We overrule Paez's sole issue.

### III. CONCLUSION

We affirm the trial court's order denying Paez's motion to suppress.

Rebeca C. Martinez, Chief Justice

DO NOT PUBLISH